**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 12, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30836
Summary Calendar

_____

THOMAS L. CLARK,

Plaintiff-Appellant

v.

HUNTLEIGH CORPORATION,

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(04-CV-671)

_____

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Thomas Clark appeals from the district court's dismissal of his complaint for failure to state a claim upon which relief can be granted. Because the attachments to Clark's pro se complaint set out a claim for age and race discrimination, we reverse the dismissal of those two claims.

Clark worked for Appellee Huntleigh USA as a security supervisor. Clark, who is white, alleges that other Huntleigh

---

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

1

employees once subjected him to racial name calling.  Shortly after the name-calling incident, Clark was laid off.  He contends that he was laid off because of discrimination based on his race and age.

Clark took his concerns to the Equal Employment Opportunity Commission ("EEOC"), where he filed a charge that alleged age and race discrimination.  The EEOC issued Clark a right-to-sue letter, and shortly afterward, Clark, acting *pro se*, filed his original complaint in the Eastern District of Louisiana.

Clark's original complaint was brief, mainly containing a description of what happened to him after Huntleigh laid him off. Clark later filed an amended complaint, which on its face included only hints of claims but included no real factual or legal allegations.  Attached to the complaint, however, were documents that provided some more information about his claims. One of those attachments was Clark's EEOC charge of discrimination, which set out his race and age discrimination allegations.

After being served with Clark's amended complaint, Huntleigh filed a Rule 12(b)(6) motion to dismiss for failure to state a claim.  This motion discussed the allegations in the amended complaint, but did not address any of the documents attached to it.  The district court granted Huntleigh's motion, and this appeal followed.

Rule 12(b)(6)

We review de novo a district court's ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002). Such a motion is only properly granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a 12(b)(6) motion, a court must take all pleaded facts as true and view those facts in favor of the plaintiff. *Calhoun*, 312 F.3d at 733.

In this case, we must also consider that Clark is proceeding pro se. Thus, his complaint is "held to less stringent standards than formal pleadings drafted by lawyers." *Calhoun*, 312 F.3d at 733 (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). Significantly, because of Clark's *pro se* status, our precedent compels us to examine all of his complaint, including the attachments. In *Howard v. King*, we concluded that the district court erred in ruling on a 12(b)(6) motion by not considering other documents as part of pro se inmates' complaint:

> Most importantly, however, the court was required to look beyond the inmates' formal complaint and to consider as amendments to the complaint those materials subsequently filed. The court failed to consider the inmates' motion, memorandum in support, and affidavit, as amendments to the complaint. These documents embellished the original complaint's averments, and each should have been considered.

707 F.2d 215, 220 (5th Cir. 1983)(citation omitted).

3

When we examine the attachments, we have no choice but to conclude that Clark has stated a claim for age and race discrimination.  His EEOC charge sets out the parameters of this claim: he was selected for layoff in December 2002 for discriminatory reasons, while other employees remained on the job.

We agree with Huntleigh, however, that Clark has failed to plead any other claims, such as claims about the EEOC's treatment of him or claims for fraud or slander.  The district court properly dismissed those claims.

For these reasons, we reverse the district court only to the extent it ruled that Clark failed to state an age or race discrimination claim.  Our opinion does not excuse Clark from future compliance with the Federal Rules of Civil Procedure.  For example, he must properly respond, and provide his own suitable evidence, to any future motion for summary judgment that Huntleigh might file.  We merely hold that Clark adequately pleaded his discrimination claim.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.