# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2011

No. 10-10294

Lyle W. Cayce
Clerk

MARCUS PRINCE,

Plaintiff-Appellant

v.

TIM CURRY, District Attorney; TARRANT COUNTY TEXAS; RISSI
OWENS, Chairwoman, Texas Board of Pardons and Paroles; DETECTIVE
NFN BENSON,

Defendants-Appellees

Appeal from the United States District Court for the
Northern District of Texas
No. 4:09-cv-739

Before DAVIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Marcus Prince, proceeding *pro se* and *in forma pauperis,* filed a complaint against Defendants-Appellees pursuant to 42 U.S.C. § 1983. The district court dismissed the complaint *sua sponte* under the preliminary screening provisions of 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10294

I.

In March 2006, Prince pleaded guilty in the trial court of Tarrant County, Texas to the offense of failing to comply with his sexual offender registration requirements. The trial court determined Prince's offense to be a third degree felony under Texas's sentencing scheme and, therefore, enhanced Prince's sentence based on a prior felony conviction. The court sentenced Prince to four years confinement with the Texas Department of Criminal Justice.

Prince challenged the sentence in a state *habeas corpus* proceeding, arguing that he had received ineffective assistance of counsel and that county officials had misclassified his sex offender status as being permanent rather than only for ten years. Prince asserted that as a result of this misclassification, his offense of failing to comply with the registration requirements was wrongly treated as a third degree felony subject to sentence enhancement. The state court agreed and granted *habeas* relief, holding that the sentence enhancement was improper under Texas law and that Prince should have been sentenced to no more than two years or less than 180 days in a state jail facility. The Texas Court of Criminal Appeals affirmed. *Ex Parte Prince*, No AP-76,125, 2009 Tex. Crim. App. Unpub. LEXIS 228 (Tex. Crim. App. April 1, 2009) (unpublished) (per curiam).

Prince subsequently filed the present action in federal district court pursuant to 42 U.S.C. § 1983 for violations of his constitutional due process rights. Prince's December 14, 2009 *pro se* complaint asserted claims against three individuals in their personal and official capacities: Tim Curry, the District Attorney for Tarrant County; Rissi Owens, Chairwoman of the Texas Board of Pardons and Paroles; and Detective Benson, an officer in the Fort Worth Police Department. The complaint contended that these three individuals participated in the improper classification of Prince's sex offender registration requirements. The complaint accused these individuals of gross negligence,

2

No. 10-10294

deliberate indifference, and failure to adequately train county personnel. Prince also asserted claims against his attorney for allegedly conspiring with state officials to enhance his sentence. Finally, Prince asserted a claim for "municipal liability" against Tarrant County itself. Prince's municipal liability allegations charged that the county's misclassification of his sex offender status resulted from a customary policy of the county and the county's deliberate indifference to defendants' constitutional rights.

Prince also filed a self-styled "motion to supplement" on January 26, 2010, in which Prince asserted that Tarrant County engaged in the "widespread practice" of unconstitutional sentencing of sex offenders. This motion stated in part that "at least one other person convicted of a nonviolent sex offense has been subjected to illegal enforcement and sentencing . . . ." The motion attached a 2005 opinion of the Texas Court of Appeals vacating on direct appeal a defendant's sentence that had been mistakenly enhanced based on misclassification of his sex offender registration requirements, like in Prince's case. *See Collins v. State*, No. 2-04-297-CR, 2005 Tex. App. LEXIS 2257 (Tex. App. Mar. 17, 2005) (unpublished). The motion also referred to a *habeas* petition filed in federal district court by a Tarrant County inmate who asserted that Tarrant County had unconstitutionally prosecuted and confined him for failing to register as a sex offender even though his ten-year registration requirement had expired. The district court dismissed that petition as moot once the inmate was released from custody pursuant to his plea agreement. *See Jackson v. Anderson*, No. 4:09-CV-350-A, slip op. (N.D. Tex. July 31, 2009)

The district court denied the motion to supplement in a brief order issued on January 27, 2010.[1] The district court then screened Prince's complaint for frivolousness and lack of merit pursuant to 28 U.S.C. §§ 1915(e) and 1915A

---

[1] Prince filed an interlocutory appeal of the denial of his supplementary motion, which this court denied for lack of jurisdiction.

No. 10-10294

without serving the complaint on the Defendants.  The district court issued its final judgment on March 22, 2010, dismissing the complaint for failure to state a claim upon which relief can be granted.

The district court dismissed the claims against the state officials in their individual capacities on the basis of immunity and dismissed the claims against Prince's attorney on the grounds that the allegation that he conspired with state officials is conclusory.  The district court also dismissed the claims against Tarrant County, reasoning that Prince's contention that the county has a policy or custom of illegally sentencing sex offenders is entirely conclusory.  The court held that the "plaintiff provides no factual allegations to support the existence of a policy or custom . . . or that the alleged custom or policy was the moving force behind any alleged constitutional violation.  Instead, the complaint sets forth only a formulaic recitation of the elements required to establish a local government's liability."  Prince now appeals that dismissal.

II.

A *pro se* complaint is to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007).  We use the same *de novo* standard to review a § 1915 dismissal as used to review a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotes and citations omitted).

No. 10-10294

III.

For the reasons stated in the district court's opinion, it is clear that Prince fails to state a plausible claim for relief against the Defendants in their individual capacities. We focus only on Prince's claims against the state Defendants in their official capacities[2] and against Tarrant County itself to determine if the district court correctly held that the allegations are so completely lacking in factual content that they fail to state a claim for which relief may be granted.

The Supreme Court recently clarified that "[a] municipality or other local government may be liable under this section [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 692, 98 S. Ct. 2018 (1978)). The Court summarized under what circumstances a municipality may be liable for its own conduct under § 1983:

> Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.

*Id.* (internal quotes and citations omitted).

Additionally, the Court explained that "[i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government

---

[2] "Official capacity suits, in contrast [to personal-capacity suits], generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105 (1985) (internal quotes and citations omitted).

5

policy for purposes of § 1983." *Id.* The Court noted that such a claim entails a stringent standard of fault:

> A municipality's culpability for deprivation of rights is at its most tenuous where a claim turns on a failure to train. To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the untrained employees come into contact. Only then can such a shortcoming be properly thought of as a city policy or custom that is actionable under § 1983.

*Id.* at 1359-60 (internal quotes and citations omitted).

On a liberal reading of the complaint, it is clear that Prince intended to raise claims against Tarrant County and the Defendants in their official capacities under the general theories of municipal liability outlined by the Supreme Court. First, the complaint alleges that Tarrant County had a customary policy of incorrectly classifying the status of sex offenders under Texas criminal law, thereby subjecting certain prisoners to sentence enhancements in violation of their constitutional due process rights. Second, the complaint charges Tarrant County and the Defendants with deliberate indifference and failure to properly train county personnel with regard to sentencing. These allegations are consistent with the Court's articulation of local governments' liability under § 1983 for having an unconstitutional policy and for failure to train.[3]

The real question is whether Prince's complaint contains sufficient factual matter, accepted as true, to state a claim for relief against Tarrant County that is plausible on its face. *Iqbal*, 129 S. Ct. at 1949; *see also Spiller v. City of Tex.*

---

[3] Municipal liability analysis applies to Texas counties. *See Brady v. Fort Bend County*, 145 F.3d 691 (5th Cir. 1998). Additionally, Prince's § 1983 claim against Tarrant County clears the hurdle of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994) because his four-year sentence was declared invalid by the Texas Court of Criminal Appeals.

No. 10-10294

*City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts."). The district court held that Prince's claims are entirely conclusory and that Prince provided no specific factual allegations whatsoever to support the existence of an illegal policy or custom in Tarrant County. However, this characterization of Prince's complaint is not entirely accurate.

Prince's motion to supplement does contain some specific factual matter related to at least one other defendant who was similarly misclassified under Texas's sex offender registration laws in Tarrant County. The motion to supplement, filed before the complaint was ever served on the Defendants, was in essence an amended complaint and should have been treated as such by the district court in accordance with the liberal construction of *pro se* filings. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (stating that the district court should have "look[ed] beyond the inmates' formal complaint to consider as amendments to the complaint those materials subsequently filed."); *accord Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667-68 (5th Cir. 2005).[4] The district court simply denied the motion and did not reference its factual content when dismissing Prince's claims. Thus, the district court erred by failing to consider the factual matter contained in Prince's motion to supplement in the same manner as allegations contained in an amended complaint.

Nevertheless, we conclude on this *de novo* review that even when taking this factual content into consideration, Prince still fails to state a claim for relief against Tarrant County that is plausible on its face. The facts discussed in

---

[4] Given that the complaint was never served on the Defendants, Prince had the right to amend his complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). In any event, a party may amend its complaint with the court's consent and "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

No. 10-10294

Prince's motion to supplement relate to one other case involving a sex offender whose sentence was found to have been mistakenly enhanced by Tarrant County officials, as well as the trial court and defense counsel, under circumstances similar those of Prince's case. *See Collins*, No. 2-04-297-CR, 2005 Tex. App. LEXIS 2257 at *1-2 ("[T]he trial judge, the prosecutor, and the defense attorney all mistakenly believed that Appellant was required to register as a sex offender for life . . . ."). The other case Prince cited in his supplemental motion involved somewhat similar allegations, but these allegations were never proved. *See Jackson*, No. 4:09-CV-350-A, slip op. at 1. Prince's filings do not state, other than in conclusory fashion, that additional defendants in Tarrant County were subjected to illegal sentence enhancements. The existence of only one or, at most, two other similarly situated defendants does not plausibly suggest that Tarrant County has a policy or custom of unconstitutionally subjecting sex offenders to enhanced sentences that is "so persistent and widespread as to practically have the force of law." *Thompson*, 131 S. Ct. at 1359.

Nor does the existence of one or two prior incidents indicate that Tarrant County was deliberately indifferent to defendants' rights or had a pattern of failing to train personnel to comply with the relevant sex offender classification system. *Id*. at 1360 ("A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train.") (quotes and citations omitted). Prince's factual allegations are simply not enough to meet the "stringent standard of fault" for establishing a municipality's deliberate indifference, which requires showing that "a municipal actor disregarded a known or obvious consequence of his action." *Id*. (internal quotes and citation omitted). Furthermore, Prince's claim clearly does not fall into what the Court recently described as the extremely narrow category of claims where "the unconstitutional consequences of failing to train could be so patently obvious that a city [or other local government] could

be liable under § 1983 without proof of a pre-existing pattern of violations." *Id.* at 1361 (describing the hypothetical possibility of a city being liable for failure to train police officers in the use of deadly force without a pre-existing pattern of similar violations).

Accordingly, we hold that accepting Prince's factual allegations as true, Prince's complaint does not contain enough factual matter to state a plausible claim for relief against Tarrant County. For these reasons, the district court's order of dismissal is AFFIRMED.